**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| CASEY STERK and KEVIN MAHER, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs<br><br>vs.<br><br>THE BANK OF NOVA SCOTIA, *et al.*<br><br>                  Defendants | Civil Action No. 20-11059(MAS)(LHG) |
| YURI ALISHAEV, ABRAHAM JEREMIAS, and MORRIS JEREMIAS, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br>v.<br><br>THE BANK OF NOVA SCOTIA, *et al.*<br><br>                  Defendants | Civil Action No. 20-11329(MAS)(LHG) |
| JEFFERY TOMASULO and CHRISTOPHER DEPAOLI, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>THE BANK OF NOVA SCOTIA, *et al.*<br><br>                  Defendants | Civil Action No. 20-12111(MAS)(LHG)<br><br><br>**ORDER FOR PRO HAC VICE ADMISSION** |

| | |
|---|---|
| JEFF BRAUN OF ML OPTIONS TRADING, LLC, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> THE BANK OF NOVA SCOTIA, *et al.* <br><br> Defendants. | Civil Action No. 20-12217(MAS)(LHG) |
| DON TRAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BANK OF NOVA SCOTIA, *et al.* <br><br> Defendants | Civil Action No. 20-12261(MAS)(LHG) |
| MARK SERRI, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF NOVA SCOTIA, *et al.* <br><br> Defendants. | Civil Action No. 20-12927(MAS)(LHG) |

7B43139

| | |
|---|---|
| LARRY BLANKENSHIP On Behalf Of Himself And All Others Similarly Situated, <br><br>           Plaintiff, <br><br> v. <br><br> THE BANK OF NOVA SCOTIA, *et al.* <br><br>           Defendants. | Civil Action No. 20-12998(MAS)(LHG) |
| PORT 22, LLC, on Behalf of Itself and All Others Similarly Situated, <br><br>           Plaintiff, <br> v. <br><br> THE BANK OF NOVA SCOTIA, *et al.* <br><br>           Defendants | Civil Action No. 20-12999(MAS)(LHG) |
| ARTHUR H. LAMBORN, JR., on Behalf of Himself and All Others Similarly Situated, <br><br>           Plaintiff, <br><br> v. <br><br> BANK OF NOVA SCOTIA, *et al.* <br><br>           Defendants. | Civil Action No. 20-13035(MAS)(LHG) |
| ROBERT CHARLES CLASS A, L.P., on Behalf of Itself and All Others Similarly Situated, <br><br>           Plaintiff, <br><br> v. <br><br> BANK OF NOVA SCOTIA, *et al.* <br><br>           Defendants. | Civil Action No. 20-13116(MAS)(LHG) |

7B43139

This matter having been opened to the Court by Brown & Connery, LLP, attorneys for Defendants The Bank of Nova Scotia, Scotia Capital (USA) Inc., Scotia Holdings (US) Inc., Scotiabanc Inc., and The Bank of Nova Scotia Trust Company of New York (collectively, "BNS Defendants"), for an Order, pursuant to Local Civil Rule 101.1(c), allowing Jamie S. Dycus and Theresa Titolo admission *pro hac vice* on behalf of the BNS Defendants; Plaintiffs consenting to the admissions requested; and the Court having considered this matter pursuant to FED. R. CIV. P. 78, and for good cause shown,

IT IS on this 29th day of October, 2020, **ORDERED** that:

Jamie S. Dycus and Theresa Titolo of the law firm Wilmer Cutler Pickering Hale and Dorr LLP, with offices located at 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, and 1875 Pennsylvania Avenue, NW Washington, DC 20006, members in good standing of the Bars in which they are admitted, be hereby permitted to appear *pro hac vice* in these actions pursuant to Local Civil Rule 101.1(c); however, all pleadings, briefs and other papers filed with the Court on behalf of the BNS Defendants shall be signed by a member or associate of the firm of Brown & Connery, LLP, who is admitted to practice before this Court, who shall be responsible for said papers, and for the conduct of the cause, and who shall be present in Court during all phases of these proceedings, unless expressly excused by the Court, and who will be held responsible for the conduct of the attorneys admitted hereby; and it is

**FURTHER ORDERED** that Jamie S. Dycus and Theresa Titolo pay $150.00 to the Clerk, United States District Court of New Jersey as required by Local Civil Rule 101.1(c)(3); and it is

**FURTHER ORDERED** that Jamie S. Dycus and Theresa Titolo shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 in this year and any subsequent year in which they are admitted *pro hac vice* in this matter; and it is

**FURTHER ORDERED** that Jamie S. Dycus and Theresa Titolo shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L. Civ. R. 103.1, Judicial Ethics and Professional Responsibility, and L. Civ. R. 104.1, Discipline of Attorneys; and it is

**FURTHER ORDERED** that Jamie S. Dycus and Theresa Titolo shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

So Ordered,

_____
Hon. Lois H. Goodman, U.S.M.J.